FILED
OCT 0 7 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL SALVATORE BUFFA,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 08-156-AC

FINDINGS AND RECOMMENDATION

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On April 21, 2000, a Curry County grand jury indicted Petitioner on twenty-six separate charges: (1) ten counts of Theft in the First Degree; (2) five counts of Burglary in the First Degree; (3) four counts of Felon in Possession of a Firearm; (4) three counts of Unlawful Use of a Vehicle; (5) three counts of Criminal Mischief in the First Degree; and (6) one count of Criminal Mischief in the Second Degree. The charges arose from a series of burglaries and car thefts throughout southern Oregon from December 1999 through March 2000.

Petitioner's case was tried to a jury. The jury convicted Petitioner of nine counts of Theft in the First Degree, three counts each of Unlawful Use of a Vehicle and Felon in Possession of a Firearm, two counts of Criminal Mischief in the Second Degree, and one count of Burglary in the First Degree. The jury acquitted Petitioner on four counts, and the remainder were dismissed on the state's motion.

During a June 14, 2000, hearing, the trial judge sentenced Petitioner to a total of 256 months of imprisonment. The sentence included two departure sentences. On the Burglary in the First Degree conviction, the trial judge departed upward from a presumptive sentencing guideline range of 35-40 months and imposed 80 months of imprisonment. On one of the Felon in Possession charges, the trial judge departed upward from a presumptive sentencing guideline range

of 19-24 months and imposed a sentence of 48 months. Both departures were based on the trial

court's findings of persistent involvement in the same offense. The judgment of conviction and

sentence were not entered in the trial court register until July 19, 2000.

Petitioner directly appealed. The Oregon Court of Appeals affirmed without opinion, and

the Oregon Supreme Court denied review. *State v. Buffa*, 181 Or. App. 125, 46 P.3d 228, *rev.*

*denied*, 334 Or. 288, 49 P.3d 797 (2002).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary

hearing, the PCR trial judge denied relief. Petitioner appealed, and the Oregon Court of Appeals

affirmed in a published decision in *Buffa v. Belleque*, 214 Or. App. 39, 162 P.3d 376 (2007). The

Oregon Supreme Court denied review. *Buffa v. Belleque*, 343 Or. 690, 174 P.3d 1016 (2007).

On February 6, 2008, Petitioner filed his federal habeas corpus action in this court.

Petitioner alleges six grounds for relief:

> **Ground One:** Trial counsel failed to object to petitioner being shackled at trial, or
> failed to request a screen to obscure view.
> **Supporting Facts:** Petitioner proved he was indeed shackled without proper record
> being made. Affidavits were submitted from trial counsel as well as from the DA.
> Trial counsel should [have] objected if proper recording was made the trial counsel
> could [have] requested a screen to obscure jurors view of state restraints.
>
> **Ground Two:** Ineffective assistance of counsel failed to object to upper departure
> of sentencing.
> **Supporting Facts:** Trial counsel was inadequate for failing to recognize that
> *Apprendi* created a potential impediment to petitioner's departure sentences.
>
> **Ground Three:** Ineffective assistance of counsel for not filing a motion to
> reconsideration of sentencing.
> **Supporting Facts:** *Apprendi* was decided June 26, 2000. Petitioner's case was
> entered into record July 17, 2000. By the time petitioner's judgment was entered
> *Apprendi* was law of the land.

3 - FINDINGS AND RECOMMENDATION -

**Ground Four:**  Ineffective assistance of appellant counsel.
**Supporting Facts:**   Defense counsel Jeremiah Scannel moved for a partial
judgment of acquittal on count 4 indictment 00CR0275.  There was no evidence to
support a finding that the dwelling was occupied, evidence created the possibility
that the dwelling was occupied, but mere possibility of an event is insufficient to
permit factfinding to find facts, jury could only have speculated to [whether]
Musser's dwelling was occupied when the burglary occurred.  The sufficiency of
the evidence [whether] the dwelling was occupied when the burglary occurred was
a viable issue that should [have] been raised on appeal.

**Ground Five:**  Denied adequate assistance of appellate counsel.
**Supporting Facts:**   Trial counsel preserved for review, included a motion to
suppress, warrants were obtained by trading evidence that had previously been
seized unlawfully.  Petitioner's property bags were closed containers that did not
disclose contents.  Officer seized 4 duffle bags from [Petitioner's] friend without
a search warrant or consent from petitioner.

**Ground Six:**  Ineffective assistance of appellate counsel.
**Supporting Facts:**   Trial counsel preserved for review, including a motion to
controvert challenges the good faith, accurate facts [bears] on good faith of
affidavit, information left out of second search warrant, and credibility of these
informants were in question.

In his Memorandum of Law in Support of Petition for Writ of Habeas Corpus, Petitioner addresses

only the claim alleged in Ground Two, that trial counsel was constitutionally ineffective in failing

to object to the departure sentences under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Respondent argues Petitioner should be denied relief on Grounds One, Three, Four, Five,

and Six because he failed to address them in his brief and that, in any event, these claims are

procedurally defaulted.  With respect to the claim alleged in Ground Two, Respondent argues the

state court decision denying PCR relief is entitled to deference, and Petitioner is not entitled to

relief on the merits.

## DISCUSSION

### I.    Procedurally Defaulted Claims

Respondent argues Petitioner cannot obtain relief on the claims alleged in Grounds One, Three, Four, Five, and Six because counsel for Petitioner submitted no argument in his Memorandum in Support and, therefore, waived those claims.  This court does not agree that counsel's failure to address all of the claims alleged in the original, *pro se* Petition automatically results in a waiver.

District Judge Marsh of this court addressed this issue in *Elkins v. Belleque*, CV 06-1180-MA:

> Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."
>
> However, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings, provides that a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note to Rule 5, 28 foll. § 2254 (1976) (citing *Stewart v. Overholser*, 186 F.2d 339, 343 n. 5 (D.C. Cir. 1950)).  In light of the foregoing, and in the absence of any case law supporting respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, I decline to find the claims not traversed to be waived or subject to denial on that basis alone."

Opinion and Order (#35) at 5-6.

This court finds Judge Marsh's reasoning persuasive and, consequently, rejects Respondent's assertion that Petitioner has waived the grounds for relief not specifically addressed

in his Memorandum in Support. However, having undertaken a review of the those claims, the court concludes habeas corpus relief is not warranted because they are procedurally defaulted.

The claims alleged in Grounds One and Five were presented to the PCR trial court and were listed in Petitioner's PCR brief to the Oregon Court of Appeals. They were not, however, presented in Petitioner's petition for review to the Oregon Supreme Court. The claims alleged in Grounds Three, Four, and Six, which Petitioner presented to the PCR trial court, were not included in either the brief to the Oregon Court of Appeals or the petition for review to the Oregon Supreme Court. As such, these claims are procedurally defaulted. Because Petitioner provides no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, federal habeas corpus relief may not be granted on the claims alleged in Grounds One, Three, Four, Five, and Six.

## II.     Relief on the Merits

### A.     Legal Standards

When a petitioner has exhausted his federal claims, this Court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court, and section 2254(d)(2) applies to purely factual questions resolved by the state court.

*Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005).

Therefore, the question whether a state court erred in applying the law is a different question from

whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006). In conducting its

review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn v. Farmon*, 347

F.3d 735, 738 (9th Cir. 2003), *cert. denied,* 541 U.S. 1037 (2004).

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the

"unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the

first test, the state court's "decision is contrary to clearly established federal law if it fails to apply

the correct controlling authority, or if it applies the controlling authority to a case involving facts

materially indistinguishable from those in a controlling case, but nonetheless reaches a different

result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.) (citing *Williams v. Taylor*, 529 U.S. 362,

413-414 (2000)), *cert. denied*, 540 U.S. 968 (2003).

Under the second test, "'[a] state court's decision involves an unreasonable application of

federal law if the state court identifies the correct governing legal principle . . . but unreasonably

applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting

*Clark*, 331 F.3d at 1067). Under the "'unreasonable application clause . . . a federal habeas court

may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly . .

. [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting

*Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to

an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the "clearly established federal law" governing claims alleging ineffective assistance of counsel. *Williams*, 529 U.S. at 390.

Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687 (1984); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Williams v. Taylor*, 529 U.S. at 390. Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. There is a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689.

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687, 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694).

**B.    Analysis**

Petitioner contends his trial counsel provided constitutionally ineffective assistance because he failed to object to the two departure sentences. As noted, the trial judge pronounced Petitioner's sentence at the hearing on June 14, 2000. The Supreme Court decided *Apprendi* 12 days later, on June 26, 2000.[1] Because the judgment in Petitioner's case was not entered in the court register until July 19, 2000, however, the sentence did not become final at the trial level for approximately 24 days after the *Apprendi* decision.

The Oregon Court of Appeals rejected Petitioner's argument in the reported decision from his PCR appeal in a lengthy discussion:

> In two previous cases, the Oregon appellate courts have held that the failure of a petitioner's trial counsel to anticipate *Apprendi* or *Blakely* did not constitute inadequate assistance. In *Miller v. Lampert*, 340 Or. 1, 125 P.3d 1260 (2006), the trial court sentenced the petitioner as a dangerous offender in 1998, two years before the decision in *Apprendi*. In doing so, the trial court made findings that *Apprendi* reserves to a jury. In considering the petitioner's post-conviction claims after *Apprendi*, the Supreme Court first held that *Apprendi* does not apply retroactively. *Miller*, 340 Or. at 12-13, 125 P.3d 1260. It then turned to the petitioner's claim that his counsel had been constitutionally inadequate for failing to anticipate the *Apprendi* rule and advocate for it at the time of sentencing.

---

[1] In *Apprendi*, the Supreme Court announced:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

530 U.S. at 490. Some four years later, in *Blakely v. Washington*, 542 U.S. 296, 303 (2004), the Supreme Court held that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose based solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." In a guideline sentencing scheme such as Oregon's, this means the "statutory maximum" is the maximum sentence that the guidelines authorize without additional factual determinations, not the maximum sentence provided in the statute creating the crime.

In deciding the claims in *Miller*, the court noted that the relevant United States Supreme Court cases at the time of the sentencing appeared to hold that a sentencing factor did not constitute an element of the offense that the jury had to find by a preponderance of the evidence. In particular, it pointed out that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), permitted the trial court to enhance the sentence of a deported alien who returned to the United States illegally if the court found, by a preponderance of the evidence, that the alien had a previous felony conviction. That enhancement, the Court held, was not an element of the offense; it explained that, in general, sentencing factors that enhance the statutory maximum sentence do not constitute elements of an offense. *Miller*, 340 Or. at 14-16 (discussing *Almendarez-Torres*). In the legal context that existed at the time of the petitioner's sentencing in *Miller*, the court held, the petitioner's trial counsel did not exercise inadequate skill and judgment in failing to anticipate that the [Supreme] Court would, two years after deciding *Almendarez-Torres*, effectively reverse course in *Apprendi*, adopt the reasoning of the dissent in *Almendarez-Torres*, and limit that case to its facts. Thus, the court concluded, the petitioner did not receive inadequate assistance of counsel under either the state or federal constitution. *Miller*, 340 Or. at 16-17.

In *Peralta-Basilio v. Hill*, 203 Or. App. 449, 126 P.3d 1 (2005), *rev. den.*, 340 Or. 359, 132 P.3d 1056 (2006), the petitioner received a dispositional and durational upward departure sentence under the guidelines on a conviction for third-degree assault in 2002-after *Apprendi* but before *Blakely* was decided. That sentence was less than the statutory indeterminate sentence for the crime, although it was greater than the guidelines presumptive sentence. The trial court based the departure sentence on a number of findings that the court made after the petitioner pleaded no contest to the charge. The petitioner subsequently filed a petition for post-conviction relief, arguing that his trial counsel was constitutionally inadequate for failing to object under the principles established in *Apprendi* and *Blakely*. At the time of sentencing, the controlling decision was our opinion in *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002), *aff'd*, 336 Or. 158, 82 P.3d 593 (2003), *vac'd and rem'd*, 542 U.S. 934, *rev'd and rem'd*, 337 Or. 645, 103 P.3d 95 (2004). In *Dilts*, we held that, under *Apprendi*, the maximum permissible sentence in the absence of additional jury findings was the statutory maximum indeterminate sentence for the crime, not the presumptive guidelines sentence. Thus, according to *Dilts*, a trial court could impose an upward departure up to the statutory indeterminate sentence without needing a jury's determination of the facts that supported the upward departure. *Dilts*, 179 Or. App. at 251-52, 39 P.3d 276.

In *Peralta-Basilio*, we noted that, before *Blakely*, every federal circuit court had come to the same conclusion that we reached in *Dilts* regarding schemes similar to Oregon's guidelines. 203 Or. App. at 454. We also quoted commentators who

emphasized that *Blakely's* treating a guidelines presumptive sentence as a statutory maximum was a significant surprise that few if any observers anticipated. *Peralta-Basilio*, 203 Or. App. at 454-55. Given that state of the law, we concluded that the petitioner's counsel did not exercise inadequate skill and judgment in failing to object to the departure sentences at the time of sentencing.

     *Peralta-Basilio* would appear to resolve petitioner's claim of inadequate assistance. Petitioner argues that *Peralta-Basilio* is distinguishable, however, because we had decided *Dilts* before the sentencing in that case, whereas, in this case, the sentencing occurred before *Dilts* was decided. Thus, according to petitioner, his trial counsel confronted no directly contrary authority at the time of sentencing. Indeed, petitioner argues, there had been no time for there to be any significant relevant authority one way or the other; the issue was, at best, unsettled. Based on those facts, petitioner argues that, although it was reasonable for trial counsel in *Peralta-Basilio* to fail to make an argument that flew directly in the face of *Dilts*, it was not reasonable for trial counsel in his case to fail to make an argument that flowed from *Apprendi* and that had no authority against it.

     The difficulty with petitioner's argument is that, as we described in *Peralta-Basilio*, the essentially universal conclusion of the courts before *Blakely* was that *Apprendi* applied only to sentences that exceeded the statutory maximum sentence for the crime, not sentences that departed from a presumptive sentence in a guidelines scheme. The Court's use of the phrase "statutory maximum" in itself seemed to support that conclusion. The Oregon Supreme Court held in *Miller* that, given the state of the law before *Apprendi*, trial counsel was not required to anticipate that decision. In the same way, given the common understanding of *Apprendi* before the decision in *Blakely*, counsel, exercising reasonable skill and judgment, could well conclude, even before *Dilts*, that there was no merit in raising an *Apprendi* argument against a guidelines departure sentence. The trial court correctly concluded that petitioner's trial counsel satisfied the appropriate constitutional standards.

*Buffa*, 214 Or. App. at 42-45 (footnote omitted).

     The Oregon Court of Appeals' conclusion that trial counsel was not constitutionally ineffective in failing to anticipate a true change in the law as reflected by *Apprendi*, and subsequently, *Blakely*, is not contrary to or an unreasonable application of clearly established federal law. Even though *Apprendi* was decided in the interim between the sentencing hearing and

entry of the judgment in the court register, no clearly established federal law held that the maximum possible sentence in the absence of additional jury findings was the presumptive guidelines sentence, not the statutory maximum indeterminate sentence for the crime. Indeed, before *Blakely* was decided, "virtually every single federal circuit court" concluded that "a departure from a presumptive sentence did not run afoul of *Apprendi* as long as the upward departure was authorized under the sentencing guidelines and did not exceed the statutory maximum" for the crime. *Peralta-Basilio*, 203 Or. App. at 453, 454 (collecting federal circuit cases); *see also Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (rule announced in *Blakely* was not apparent to all reasonable jurists and not dictated by precedent as every circuit court that addressed the question reached the opposite conclusion as rule subsequently announced in *Blakely*).

Petitioner argues the Oregon Court of Appeals' decision was an unreasonable application of clearly established federal law, because under *Strickland*, trial counsel's failure to object to the departure sentences was not reasonable under the circumstances. The cases cited by Petitioner in support of his argument are, however, distinguishable from the case at hand.

Three of the cases involved situations in which courts found ineffective assistance where counsel failed to object at sentencing based on law which existed *prior* to the sentencing. *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (counsel failed to object to base offense level when a month prior to sentencing Congress had amended guideline to allow for two-point reduction in career offender's base level when offender accepted responsibility for crimes); *United States v. Kissick*, 69 F.3d 1048, 1056 (1995) (counsel failed to object to prior conviction which did not meet necessary elements required to support finding under "career offender" provision); *Glover*

*v. United States*, 531 U.S. 198 (2001), *rem'd*, *United States v. Glover*, 149 F. Supp. 2d 371, 381-83 (2001) (counsel failed to raise argument at sentencing and on appeal that followed from then-existing case law in the circuit in which counsel practiced and which was on point).

In the fourth case cited, *Burdge v. Belleque*, 290 Fed. Appx. 73 (9th Cir. 2008), the Ninth Circuit found counsel was ineffective for failing to recognize an Oregon statute governing sentences for persons previously convicted was subject to multiple interpretations. At the time of the sentencing in *Burdge*, counsel was presented with an open question regarding who qualified as having "previously been convicted" under the statute. The Oregon courts subsequently held the statute did not apply to defendants like Burdge, and the Ninth Circuit held counsel unreasonably failed to identify the ambiguity and argue for the result later validated.

Here, unlike *Burdge*, the sentencing issue presented to Petitioner's trial attorney was not subject to any ambiguity at the time of Petitioner's sentencing. At the time of Petitioner's sentencing hearing, it was consistent with then-existing law that the court could impose an upward departure. Moreover, even though *Apprendi* was decided while Petitioner's case was still pending, that decision in itself appeared to indicate the statutory maximum was just that -- the statutory maximum indeterminate sentence. It was not objectively unreasonable for trial counsel to anticipate and argue the result subsequently achieved four years later in *Blakely*.

The Oregon Court of Appeal determination that trial counsel's representation fell within the wide range of reasonable professional assistance was not an unreasonable application of *Strickland*, *Apprendi*, or *Blakely*. As such, the decision is entitled to deference under § 2254(d), and Petitioner's federal habeas corpus Petitioner should be denied.

13 - FINDINGS AND RECOMMENDATION -

## RECOMMENDATION

For these reasons, I recommend that the Petition For Writ of Habeas Corpus be DENIED, and that a judgment of DISMISSAL be entered.

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 20, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after filing of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this ___ day of October, 2009.

John V. Acosta
United States Magistrate Judge

F:\Share\Acosta\08-156buffa1006f&r.wpd